Thus the jurisdiction of the federal courts over petitioner's sentence of death would be at an end, and unless the appropriate state officials commuted petitioner's sentence, it would presumably be carried out.  In any event, the decision would then be in the hands of the State which had initially imposed the death penalty, not in the hands of the federal courts.

No. 80–6281.  SCHILLER ET AL. *v.* UNITED STATES.  Ct. App. D. C.  Motion of James R. Walker et al. for leave to file a brief as *amici curiae* granted.  Certiorari denied.  ■

No. 80–6299.  PICKENS *v.* ARKANSAS.  Sup. Ct. Ark.; and
No. 80–6369.  PEEK *v.* FLORIDA.  Sup. Ct. Fla.  Certiorari denied.  Reported below: No. 80–6369, 395 So. 2d 492.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 79–5932.  DOE ET AL. *v.* DELAWARE, 450 U. S. 382;
No. 80–485.  IMMIGRATION AND NATURALIZATION SERVICE *v.* JONG HA WANG ET UX., 450 U. S. 139; and
No. 80–6061.  MACARTHUR *v.* PHILIPPINE AIR LINES, INC., ET AL., 450 U. S. 985.  Petitions for rehearing denied.

MAY 4, 1981

No. 80–1407.  WINTERS ET AL. *v.* CITY OF KLAMATH FALLS. Appeal from Sup. Ct. Ore. dismissed for want of substantial federal question.  JUSTICE BRENNAN, JUSTICE STEWART, and JUSTICE STEVENS would note probable jurisdiction and set case for oral argument.  ■